UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| KEVIN DWAYNE HILKE, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No. 2:18-CV-21 NAB |
|  | ) |  |
| NURSE HAYES, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Kevin Hilke for leave to commence this civil action without prepayment of the required filing fee.[1] For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). Furthermore, plaintiff will be required to file an amended complaint within thirty (30) days of the date of this Memorandum and Order.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make

---

[1] Plaintiff filed an informal "Statement to the Court" on March 2, 2018, indicating that he lacked the means to pay for several things, such as stamps, envelopes, medical costs, dental costs, etc. The Court will interpret this statement as a motion for leave to proceed in forma pauperis. [Doc. #3].

monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

Plaintiff has not submitted a prison account statement. As a result, the Court will require plaintiff to pay an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner=s finances."). If plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his prison account statement in support of his claim.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to, *inter alia*, draw upon judicial experience and common sense. *Id.* at 679.

Pro se complaints are to be liberally construed. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, they still must allege sufficient facts to support the claims alleged. *Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004); *see also Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980) (even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law). Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." *Stone*, 364 F.3d at 914-15. In addition, giving a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff is currently an inmate at the Federal Correctional Institution at El Reno, Oklahoma. He brings this action pursuant to 42 U.S.C. § 1983 against eleven (11) named defendants located at the Audrain County Jail in Mexico, Missouri. Plaintiff claims that his civil rights were violated by these defendants during his prior incarceration at the Audrain County Jail in February of 2018. Plaintiff brings his claims against the individual defendants in **their official capacities only.[2]**

Plaintiff specifically asserts that in January of 2018 he was being held at the Audrain County Jail "on a writ out of the BOP." Plaintiff generally alleges that he believes the medical

---

[2]Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). To state a claim against a municipality or a government official in his or her official capacity, a plaintiff must allege that a policy or custom of the government entity is responsible for the alleged constitutional violation. *Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any allegations that a policy or custom of a government entity was responsible for the alleged violations of plaintiff's constitutional rights.

team at the Jail was unprofessional. Plaintiff states that he came into the Jail on a medicine for hypertension and a nonnarcotic pain medicine, but that an unnamed doctor refused to give him refills of the medicine.

He additionally asserts that at some unnamed point in his stay at the Jail, an unnamed doctor "refused to see [him] for three weeks." Plaintiff has not identified who the doctor was or what the medical request was for. However, he does allege that he did not receive an x-ray or a MRI at the Jail. But again he has not indicated what injury he had that would call for such diagnostic procedures.

Plaintiff also states in his complaint that he is of a specific type of Jewish faith and he has not been provided "religious meals." However, plaintiff has not indicated who he asked for the "religious meals" or exactly what type of meals he requires in order to comply with his "Messianic faith."[3]

Plaintiff also makes a conclusory statement that he gets "no recreation outside" at the Jail. But he has not indicated who denied him outside recreation during his time at the Jail, nor has he provided the Court with additional facts relating to the purported lack of recreation.

Last, plaintiff states, "My safety and security isn't safe. I have seizures and I have Hep B and C." Plaintiff additionally claims that he has back and hip pain, needs dental care and would like to have additional unspecified mental health care. Plaintiff has not indicated whether he has sought medical treatment for any of these illnesses and been denied care. Plaintiff has also not

---

[3] It appears that plaintiff is attempting to bring a religious discrimination claim pursuant to RLUIPA in his complaint. As noted below, plaintiff cannot unlawfully join several different types of claims and/or defendants in one complaint. *See* Fed.R.Civ.P.18 and 20. Additionally, while RLUIPA allows official capacity claims against jail officials for religious discrimination, it does not authorize monetary damages based on official-capacity claims. *See Van Wyhe v. Reisch*, 581 F.3d 639, 655 (8th Cir. 2009). Because plaintiff has already been transferred, his RLUIPA claims would be moot if this is the type of claim he is purporting to bring in this action.

indicated the specific person or persons who may have denied him care for any of the aforementioned alleged violations of his civil rights.

In his request for relief, plaintiff seeks one million dollars in damages and a transfer to a federal facility.[4]

## Discussion

The Court has reviewed the complaint and believes that, although plaintiff may be able to assert claims based on the denial of his constitutional rights, he has improperly joined in this one lawsuit all eleven (11) defendants and his numerous claims against them. Rule 20(a)(2) of the Federal Rules of Civil Procedure governs joinder of defendants, and provides:

> Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

Therefore, a plaintiff cannot join, in a single lawsuit, a multitude of claims against different defendants that are related to events arising out of different occurrences or transactions. In other words, "Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). "Unrelated claims against different defendants belong in different suits, . . . [in part] to ensure that prisoners pay the required filing fees - for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees." *Id.*

Rule 18(a) of the Federal Rules of Civil Procedure, which governs joinder of claims, provides:

---

[4]As noted above, plaintiff has already been transferred to FCI El Reno, Oklahoma, therefore, his request for injunctive relief is moot.

> A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.

Therefore, multiple claims against a single defendant are valid.

Because plaintiff is proceeding pro se, the Court will give him an opportunity to file an amended complaint. In so doing, plaintiff should select the transaction or occurrence he wishes to pursue, and limit the facts and allegations to the defendant(s) involved therein. Plaintiff should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2). Alternatively, plaintiff may choose to select one defendant and set forth as many claims as he has against that single defendant. *See* Fed. R. Civ. P. 18(a).

If plaintiff wishes to pursue additional claims against additional defendants, and the claims do not arise from the same transaction or occurrence he has chosen to advance in his amended complaint, he must file each such claim as a new civil action on a separate complaint form, and either pay the filing fee or file a motion for leave to proceed in forma pauperis.

Plaintiff must prepare the amended complaint using a Court-provided form, and must follow Rule 8 and 10 of the Federal Rules of Civil Procedure. Rule 8 requires that the complaint contain a short and plain statement of the claim showing entitlement to relief. In the "Caption" section of the form complaint, plaintiff should write the name of the defendant(s) he wishes to sue. In the "Statement of Claim" section, plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should: (1) set forth the factual allegations supporting his claim against that defendant; (2) state what constitutional or federal statutory right(s) that defendant violated; and (3) state whether the defendant is being sued in

his/her individual capacity or official capacity.[5]  If plaintiff is suing more than one defendant, he shall proceed in this manner with each one, separately writing each individual defendant's name and, under that name, in numbered paragraphs, the allegations specific to that particular defendant and the right(s) that defendant violated.

Plaintiff is advised that he must allege facts that show how each defendant is causally linked to, and directly responsible for, violating his rights.  *See Jeffers v. Gomez*, 267 F.3d 895, 915 (9th Cir. 2001) (§ 1983 liability arises only upon a showing of personal participation by defendant); *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights).[6] Plaintiff is also advised that, for an action to be allowed to proceed against a fictitious, or "Doe" defendant, the complaint must make **sufficiently specific factual allegation**s to permit that defendant to be identified after reasonable discovery.  *See Munz v. Parr*, 758 F.2d 1254, 1257 (8th Cir. 1985).

Plaintiff shall have thirty (30) days from the date of this Order to file an amended complaint.  Plaintiff is warned that the filing of the amended complaint completely replaces the

---

[5]The failure to sue a defendant in his or her **individual capacity** may result in the dismissal of that defendant.

[6]As currently written, the complaint fails to state a claim upon which relief may be granted because plaintiff has not connected any purported unlawful conduct with a **specific defendant's actions.** *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990). For example, plaintiff has not alleged that a specific doctor or nurse, in his or her individual capacity, refused to provide plaintiff with a specific medicine on a specific date when the doctor knew plaintiff was suffering with a medical illness that required care. *See Camberos v. Branstad*, 73 F.3d 174, 175 (8th Cir. 1995) (In order to show deliberate indifference, plaintiff must allege that he suffered objectively serious medical needs and that defendants actually knew of but deliberately disregarded those needs). Plaintiff should understand that there is no supervisory liability under 42 U.S.C. § 1983. *Boyd v. Knox,* 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits). Thus, his claims against any defendants in this action who were not personally involved with any unlawful activity would be subject to dismissal.

original. Claims that are not re-alleged are deemed abandoned. *E.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation,* 396 F.3d 922, 928 (8th Cir. 2005).

Last, the Court will deny plaintiff's request for appointment of counsel at this time as the Court does not believe that the factual and legal issues involved in this action are complex. Further, it appears that plaintiff is able to represent his own interests at this time. *See, e.g., Johnson v. Williams*, 788 F.2d 1319, 1322-23 (8th Cir. 1986); *Nelson v. Redfield Lithograph Printing,* 728 F.2d 1003, 1005 (8th Cir. 1984).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #3] is **GRANTED**.

**IT IS HEREBY ORDERED** that the plaintiff shall pay an initial filing fee of $1.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff shall submit an amended complaint, in accordance with the Federal Rules of Civil Procedure and the instructions set forth in this Memorandum and Order, no later than thirty (30) days from the date of this Memorandum and Order.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to plaintiff two (2) blank forms for the filing of a prisoner civil rights complaint. Plaintiff may request additional forms from the Clerk, as needed.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #8] is **DENIED AT THIS TIME.**

**If plaintiff fails to timely comply with this Order, the Court may dismiss this action, without prejudice and without further notice**.

Dated this 15th day of August 10, 2018.

                                                                                                          NANNETTE A. BAKER
                                                                                                          UNITED STATES MAGISTRATE JUDGE